J-S05031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICKALAUS B. STOUTZENBERGER, | |
| Appellant | No. 937 MDA 2016 |

Appeal from the Judgment of Sentence April 25, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0002801-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 13, 2017**

Appellant, Nickalaus B. Stoutzenberger, appeals from the judgment of sentence imposed after his non-jury trial conviction of involuntary deviate sexual intercourse (IDSI) with a child, and two counts of indecent assault, person less than thirteen years old.[1]  Specifically, he challenges the admissibility of evidence at trial.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's July 28, 2016 opinion. Between 2009 and 2010, Appellant sexually abused his half-sister who was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(b) and 3126(a)(7), respectively.

then between six and eight years old.[2] His victim reported the abuse to her father in 2015. (*See* N.T. Trial, 1/20/16, at 58). Appellant was charged with IDSI and indecent assault of a child under the age of thirteen.

During the non-jury trial, the victim testified that the first assault occurred while they were in her bedroom playing video games. Appellant asked her to suck his penis and lick his buttocks, and to permit him to lick her buttocks. The victim complied with his requests. (*See id.* at 55-56). She testified that the second assault occurred while they were at her aunt's workplace, when Appellant again asked her to suck his penis and she complied. (*See id.* at 57). The final assault happened at her grandmother's house where Appellant kissed his victim. (*See id.* at 58).

At trial, the Commonwealth offered a printout that police recovered of a chat log between Appellant and an individual named "Anna". (*See id.* at 96). In the log, Appellant describes part of the assault, stating that the victim "doesn't know how to wipe, so when I went to lick her butt there was feces everywhere so I just licked the cheeks instead." (*Id.* at 100). The Commonwealth also offered the testimony of Julie Stover, a nurse practitioner who provides medical exams on children who have made allegations of sexual abuse. (*See id.* at 86-88). Ms. Stover testified that,

_____

[2] Appellant, who was born in 1991, was between sixteen and eighteen years old at the time. (N.T. Trial, 1/20/16, at 117).

during her exam of the victim, she noticed a "significant hygiene issue[] in and around her genitalia[,]" described as "considerable dry, caked discharge noted between the labia and a moderate amount of stool in and around the anal opening, which is not typical of a [twelve]-year old." (*Id.* at 92). Appellant objected to the relevance of Ms. Stover's testimony because it was based on an exam performed in February 2015, and the allegations occurred five to seven years earlier. The court overruled his objection, stating that his argument "goes to weight, not admissibility." (*Id.* at 91). At the conclusion of trial, the court found Appellant guilty on all counts.

On April 25, 2016, after reviewing a presentence investigation (PSI) report, the trial court sentenced Appellant to a period of incarceration of not less than fifteen nor more than thirty years on count one, IDSI; and not less than nine months nor more than five years on counts two and three, indecent assault. All sentences were imposed consecutive to each other, thus the aggregate sentence was not less than sixteen and one-half, nor more than forty years' incarceration. The trial court denied Appellant's post-sentence motion on May 5, 2016. This timely appeal followed.[3]

Appellant raises one question on appeal.

I. Did the trial court err in admitting evidence of the complaining witness' hygiene at the time of her forensic

_____

[3] Pursuant to the court's order, Appellant filed a concise statement of matters complained of on appeal on June 27, 2016. *See* Pa.R.A.P. 1925(b). The trial court issued its opinion on July 28, 2016. *See* Pa.R.A.P. 1925(a).

examination by Julie Stover, as her hygiene in 2015 was completely irrelevant to her hygiene at the time of the alleged offenses, five to six years earlier?

(Appellant's Brief, at 5).

In his sole issue on appeal, Appellant argues that the court erred in admitting Ms. Stover's testimony about the victim's poor hygiene in her genital area, which Ms. Stover observed during an examination several years after the assault. (*See id.* at 10-12). Specifically, he argues that the testimony was not relevant because the victim's personal hygiene in 2015 did not have any bearing on her hygiene in 2009-2010. (*See id.* at 11). We disagree.

Our standard of review of the admissibility of evidence is well-settled.

Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

Relevance is the threshold for admissibility of evidence. Pennsylvania Rule of Evidence 401 provides as follows:

**Rule 401. Test for Relevant Evidence**

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Pa.R.E. 401. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. "All relevant evidence is admissible,

except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.

***Commonwealth v. Tyson***, 119 A.3d 353, 357–58 (Pa. Super. 2015) (*en banc*), *appeal denied*, 128 A.3d 220 (Pa. 2015) (case citations and some quotation marks omitted).

Here, the trial court found that the evidence of the victim's hygiene was relevant because

> although the medical examination of the victim by Julie Stover occurred years following the alleged sexual assault, the evidence of the victim's hygiene has a tendency to show that [Appellant] was in a position to be aware of the victim's poor hygiene, consistent with statements made by [Appellant] on an internet posting.

(Trial Court Opinion, 7/28/16, at 3). The court observed that the remoteness of the testimony went to its weight, rather than its admissibility, and explained that "[u]ltimately, in reaching a verdict, [it] recognized the remoteness of the evidence of the victim's hygiene in 2015 and, accordingly, consciously disregarded said evidence." (***Id.*** at 4).

Upon review, we agree with the trial court that the evidence tended to show that Appellant's internet postings were based on his observations. Accordingly, we conclude that the trial court did not abuse its discretion in admitting testimony concerning the victim's poor genital hygiene. ***See Tyson***, ***supra*** at 357-38. Appellant's issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2017